# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Schenk, et al., | No. CV-12-08223-PCT-NVW |
| Plaintiffs, | **ORDER** |
| v. | |
| Novartis Pharmaceuticals Corporation, | |
| Defendant. | |

Before the Court is Plaintiffs' Motion for Reconsideration and Clarification of the Court's Orders on Plaintiffs' Specific Causation Experts (Doc. 106). Although Plaintiffs' arguments as to the lack of clarity of earlier orders are unpersuasive, Plaintiffs' Motion (Doc. 106) will be treated as a Response to Novartis' Motion to Strike Dr. Mansfield's Expert Testimony and granted, in part. The Court's earlier Order (Doc. 102) granting Defendant's Motion to Exclude Any Specific Medical Causation Testimony of Plaintiffs' Expert Dr. Michael Mansfield will be vacated, but Novartis' Motion to Strike Dr. Mansfield's Expert Testimony (Doc. 62) will again be granted. Additionally, Plaintiffs' request to present Dr. Karl deLeeuw as a specific medical causation expert at trial will be granted.

## I.    DR. MICHAEL MANSFIELD

Plaintiffs' Motion for Reconsideration and Clarification of the Court's Orders on Plaintiffs' Specific Causation Experts (Doc. 106) takes issue with the Court adhering to the deadlines proscribed in the Federal Rules of Civil Procedure and the Orders issued

throughout this case.  Due to the excessive number of declared expert witnesses and the equally excessive number of expert witness challenges filed by Defendants, Plaintiffs were ordered to pare down their expert witness list to only one expert per issue. (Doc. 74).  Plaintiffs were also instructed that, "If, in the process of culling the witness list, Plaintiffs elect to withdraw a witness challenged by Defendant, Defendant's Motion to Exclude the witness will be considered moot, and Plaintiffs will not need to file a Response."  (*Id.* at p. 2).

With respect to Dr. Michael Mansfield, Plaintiffs stated that they would withdraw him as an expert witness, unless Defendant contested the admissibility of testimony as a treating physician.  Two weeks before Plaintiffs stated they would withdraw Dr. Mansfield as an expert, Novartis had already filed its Motion to Exclude Any Specific Medical Causation Testimony of Plaintiffs' Expert Dr. Michael Mansfield (Doc. 62).  When the time for a Response came due, Plaintiffs filed no Response to Novartis' Motion to Strike Dr. Mansfield's Report (Doc. 62).  Plaintiffs were told they did not need to file a Response to a motion to strike a withdrawn witness because it was presumed they had no intention of presenting a withdrawn witness at trial.  Novartis' Motion to Strike Dr. Mansfield (Doc. 62) was not declared moot because Dr. Mansfield was only partially withdrawn, as Dr. Mansfield was still set to be presented as treating physician witness at trial.  Novartis' Motion to Strike a portion of his testimony had to be ruled on to ensure the challenged testimony remained barred at trial.  Novartis' Motion (Doc. 62) was granted, with a finding that, given no Response had been filed, the Motion (Doc. 62) made a *prima facie* showing that Dr. Mansfield was unable to state an expert causation opinion to a reasonable degree of certainty.

Plaintiffs now act as if they were unaware they needed to file a Response to the Novartis' motion challenging Dr. Mansfield's testimony.  The Order (Doc. 74) absolving Plaintiffs from filing a Response if they chose to withdraw a witness was meant to save Plaintiffs' from unnecessary filings.  If Plaintiffs wished to preserve their defenses against Dr. Mansfield's causation testimony, a Response was required and its necessity was not obviated by the earlier order.  Nevertheless, Plaintiffs will be given a second

chance, and the Court will reexamine Novartis' Motion to Strike Dr. Mansfield's Report (Doc. 62), with Plaintiffs Motion for Reconsideration (Doc. 106) construed as their Response.

In its Motion (Doc. 62), Novartis seeks only to bar Dr. Mansfield from testifying as to whether Aredia or Zometa, the two disputed drugs in this action, played any role in the development of Mr. Schenk's condition, osteonecrosis of the jaw. Federal Rule of Evidence 702 describes the issues a court must consider when evaluating the reliability of challenged expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. "The party presenting the expert must show that the expert's findings are based on sound science, and this will require some objective, independent validation of the expert's methodology." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1316 (9th Cir. 1995) (on remand).

Dr. Mansfields' Expert Report gives a detailed medical history of Mr. Schenk, but when it comes to connecting Mr. Schenk's medical condition to Novartis' drugs, Dr. Mansfield says:

> The cumulative dose, potency and duration of Zometa would make one suspicious for a cause and effect relationship. To state an opinion to a reasonable degree of medical probability and certainty would require valid literature support. There is a paucity of evidence-based peer reviewed literature cross referencing all parameters of Mr. Schenck.

(Doc. 63, Exh. 1). Dr. Mansfield later states in his deposition that he did not find valid medical literature support that the drugs challenged in this action cause osteonecrosis of the jaw in patients with Mr. Schenk's condition, osteogenesis imperfecta. Dr. Mansfield

states in his own Expert Report that, because there is insufficient research and medical literature, he cannot conclude to a reasonable degree of medical probability that Aredia or Zometa caused Mr. Schenk's injuries.  By Dr. Mansfield's own Report, his testimony fails to reach the level of certainty required for expert testimony.  He therefore may not testify as to the specific medical causation of Mr. Schenk's injuries.  Dr. Mansfield may, however, still testify as a treating physician, as discussed in Plaintiffs' memorandum (Doc. 77).  Novartis Pharmaceuticals' Motion to Exclude Any Specific Medical Causation Testimony of Plaintiffs Expert Dr. Michael Mansfield (Doc. 62) will be granted.

## II.     DR. KARL deLEEUW

In their Motion for Reconsideration (Doc. 106), Plaintiffs also ask to retain Dr. Karl deLeeuw as a specific causation expert witness.  Dr. deLeeuw's expert testimony, however, needs no rescue.  It was clear from Plaintiffs' memorandum that Dr. deLeeuw was conditionally withdrawn as a causation expert in favor of Dr. Robert Marx.  Because Dr. Marx's case-specific causation testimony was stricken (Doc. 84), it was presumed Plaintiffs would present Dr. deLeeuw instead.  Novartis made no motion to strike Dr. deLeeuw.  Provided Dr. deLeeuw's expert testimony complies with the Rules of Evidence, Plaintiffs may present it at trial.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Reconsideration and Clarification of the Court's Orders on Plaintiffs' Specific Causation Experts (Doc. 106) will be granted in part.

IT IS FURTHER ORDERED that the Court's Order granting Defendant's Motion to Exclude any Specific Medical Causation Testimony of Plaintiffs' Expert Dr. Michael Mansfield (Doc. 102) is vacated.

IT IS FURTHER ORDERED that Novartis' Motion to Exclude Any Specific Medical Causation Testimony of Plaintiffs Expert Dr. Michael Mansfield (Doc. 62) is granted.

- 4 -

IT IS FURTHER ORDERED that Plaintiffs may present Dr. Karl deLeeuw as a specific causation expert at trial, provided his expert testimony complies with the Federal Rules of Evidence.

DATED this 12th day of August, 2014.

Neil V. Wake
United States District Judge