**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Schenk, et al., | No. CV-12-08223-PCT-NVW |
| Plaintiffs, | **ORDER** |
| v. | |
| Novartis Pharmaceuticals Corporation, | |
| Defendant. | |

Before the Court is Novartis Pharmaceuticals Corporation's Motion to Preclude Plaintiffs' Punitive Damages Claim (Doc. 53), the Response (Doc. 101), and the Reply (Doc. 107). Novartis Pharmaceuticals' Motion to Preclude Plaintiffs' Punitive Damages Claim (Doc. 53) will be read as a motion for summary judgment on the issue of punitive damages and will be denied.

**I.    FACTS**

This action is one of over eight hundred product liability suits currently pending against Novartis for its pharmaceutical products Aredia and Zometa. Aredia and Zometa are bisphosphonate drugs primarily indicated for the prevention of bone fractures in patients with hypercalcemia of malignancy in cancers that have metastasized to the bone. All pending cases concern Novartis' alleged failure to warn of the risk of osteonecrosis of the jaw associated with the use of the two drugs. This action differs from the other cases filed because Plaintiff Paul Schenk was not prescribed Aredia and Zometa for metastasized cancer but was instead prescribed the drugs off-label to prevent fractures associated with a rare genetic disease: osteogenesis imperfecta.

This action is brought against Novartis by Paul Schenk and his wife. It was originally filed in the United States District Court for the District of Columbia on September 4, 2007. Shortly thereafter, it was consolidated with a larger multidistrict litigation proceeding in the Middle District of Tennessee, *In re Aredia and Zometa Products Liability Litigation*. On September 25, 2012, the Tennessee court remanded the case back to the District Court for the District of Columbia, where the parties then stipulated to transfer the case to the District of Arizona because Mr. Schenk and many of his treating physicians reside within the District of Arizona's jurisdictional boundaries.

## II.   LEGAL STANDARD FOR SUMMARY JUDGMENT

A party moving for summary judgment must demonstrate that there is no genuine issue as to any material fact in order to be entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). At the summary judgment stage, courts view all evidence in the light most favorable to the non-moving party. *Rohr v. Salt River Project Agric. Imp. & Power Dist.*, 555 F.3d 850, 864 (9th Cir. 2009). The movant has the burden of showing the absence of genuine issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

## III.   ANALYSIS

Novartis' Motion to Preclude Plaintiffs' Punitive Damages Claim (Doc. 54) states Novartis is not liable for punitive damages because Aredia and Zometa are approved by the Food and Drug Administration ("FDA") and currently remain on the market and because both Arizona and New Jersey law precludes punitive damages in a products liability action involving FDA-approved drugs. (Doc. 53). Novartis also argues that Plaintiffs lack standing to enforce the FDA regulations under the Arizona and New Jersey punitive damages statutes. (*Id.*). Plaintiffs, in turn, assert that Mr. Schenk received the bulk of his Zometa treatments in California and that under the District of Columbia's choice of law principles, California punitive damages law applies to this action. (Doc. 101). In its Reply, Novartis again asserts New Jersey or Arizona law applies, and for the first time, argues that Plaintiffs have failed to put forth the evidence necessary to establish a *prima facie* case for punitive damages under any state's law. (Doc. 107).

### a. Applicable punitive damages law

Because this case was initially filed in the United States District Court for the District of Columbia, the District of Columbia's choice of law provisions govern which state's punitive damages statute controls. Novartis argues either Arizona, where Mr. Schenk resides, or New Jersey, where Novartis is headquartered, law governs. Mr. Schenk, however, argues that because California was where he received the majority of his Zometa treatments, California law should control. Novartis counters Mr. Schenk's California claims by asserting Mr. Schenk was largely treated for his osteonecrosis of the jaw in Arizona, but Mr. Schenck's assertions that he was treated in California are reinforced by the fact that a large portion of his medical records reviewed by the expert witnesses in this action are from Loma Linda University, located in California.

It is not clear from the evidence submitted exactly where Mr. Schenk received the majority of his dispositive medical treatment. This means which state's law controls for the purposes of punitive damages will turn on facts that are not conclusively established on this motion. Those facts must be developed at trial.

Similarly, Novartis' defense of federal preemption against punitive damages cannot be adjudicated in the abstract without first determining which state's law governs. As an example, at least one court has found no preemption of California's punitive damages law and has allowed a punitive damages claim to proceed to a jury on a cause of action nearly identical to Mr. Schenk's. *See Stanley v. Novartis Pharm. Corp.*, ___ F.Supp.2d. ___ , 2014 WL 1316217 (C.D. Ca. 2014) (applying California law and allowing a punitive damages claim on a failure to warn products liability cause of action against Novartis for the drugs Aredia and Zometa to proceed to trial). In contrast, Arizona's statute permitting an award of punitive damages against drug manufacturers has been declared preempted in a similar case, but only once by a district court. *See Kobar ex rel. Kobar v. Novartis Corp*, 378 F.Supp.2d 1166, 1172 (D. Ariz. 2005) (holding A.R.S. § 12-701(B) is preempted under *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001)).

Accordingly, the question of federal preemption of punitive damages is postponed for trial depending on determination of the applicable state law.

### b. Establishing a *prima facie* case for punitive damages

Novartis did not contend in its Motion (Doc. 53) that Plaintiffs' evidence falls short of a *prima facie* case for punitive damages under any state's law. Novartis first raised that in its Reply brief. (Doc. 107). Arguments first made in the Reply are not considered as they deprive the other side of a fair chance to respond. In any event, whether Plaintiffs have the facts necessary for a *prima facie* case for punitive damages may also be affected by which state's law governs, which must be determined at trial.

"At the summary judgment stage, the trial judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242-43 (1986). If at the close of trial Plaintiffs have no evidence to sustain punitive damages under the applicable, or any law, then Novartis will be entitled to judgment as a matter of law. Accordingly, Novartis Pharmaceuticals Corporation's Motion to Preclude Plaintiffs' Punitive Damages Claim (Doc. 53) will be denied.

IT IS THEREFORE ORDERED THAT Novartis Pharmaceuticals Corporation's Motion to Preclude Plaintiffs' Punitive Damages Claim (Doc. 53) is denied.

DATED this 14th day of August, 2014.

_____
Neil V. Wake
United States District Judge